UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUELYN MARTINEZ, <br><br>          Plaintiff, <br><br> -against- <br><br> NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK, <br><br>          Defendants. | 24-CV-911 (AS) <br><br> <u>OPINION AND ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

*Pro se* plaintiff Suelyn Martinez sued the New York City Police Department on February 2, 2024, alleging that he applied for a handgun permit in 2021, was approved in 2023, and had not yet received the permit. Dkt. 1 at 5. He reached out to the NYPD and the New York City Comptroller's Office about the delay but heard nothing and concluded that his "permit ha[d] not been issued due to discrimination" because he is a "person in the Bronx . . . named Suelyn Martinez, likely . . . a minority woman" who "would lack the resources and knowledge to fight this issue." *Id.* at 5–6. In his complaint, Martinez requested that the Court order the NYPD and the City of New York to issue his permit immediately and "take steps to ensure this sort of discrimination stops occurring," including by awarding him $100,000 in damages. *Id.* at 7. In an order, the Court observed that the NYPD is an agency of the City of New York that cannot be sued, and it construed Martinez's complaint as asserting claims against the City of New York ("City"). Dkt. 5 (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)).

Martinez's handgun license was issued on March 17, 2024. Dkt. 14-2 at 2. The City now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing primarily that the case is moot now that the license has been issued.

## LEGAL STANDARDS

"A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "When the Rule 12(b)(1) motion is facial," it is "based solely on the allegations of the complaint or the complaint and exhibits attached to it," and "the plaintiff has no evidentiary burden." *Id.* But "a defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the Pleading." *Id.* at 57. "In opposition to such a motion, the plaintiff will need to come forward with evidence of his own to controvert that presented by the defendant if the affidavits submitted reveal the existence of factual problems in the assertion of jurisdiction." *Id.* (cleaned up).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a motion to dismiss for failure to state a claim, courts "accept[] all factual allegations in the complaint as true[] and draw[] all reasonable inferences in the plaintiff's favor." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1076 (2d Cir. 2021) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

Martinez is *pro se*, and "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).

## DISCUSSION

### I. Martinez's claims are moot.

The City makes a fact-based Rule 12(b)(1) motion based on the uncontested fact that Martinez's handgun license was issued shortly after he filed this lawsuit. It argues that Martinez got what he asked for and so the Court no longer has jurisdiction to hear the case.

"Article III of the Constitution limits federal courts' authority—that is, our subject matter jurisdiction—to disputes involving 'live cases and controversies.'" *County of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (citation omitted). "[U]nder the 'general rule' of mootness, courts' subject matter jurisdiction ceases when 'an event occurs during the course of the proceedings . . . 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Id.* (citation omitted); *see also Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018) ("A case is deemed moot where the problem sought to be remedied has ceased . . . ." (citation omitted)). "A moot action therefore must be dismissed, even if the case was live at the outset . . . ." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) (citation omitted).

Here, "[a]n understanding of why plaintiff['s] claims are moot requires an understanding of the scope of the relief that was available to [hi]m in the first instance in this action." *Sebelius*, 605 F.3d at 140. Martinez requested that the Court (1) "order the NYPD/City of New York to issue [his] permit immediately" and "take steps to ensure this sort of discrimination stops occurring," including by (2) "grant[ing] [him] $100,000" to "penalize and encourage organizations that miscarriage their responsibility . . . to correct the miscarriage of their responsibility"; (3) "consider[ing] removing the responsibility of permit issuance from NYPD to the NYC Sheriff's Department"; and (4) "threaten[ing] the state with the enshrinement of an open-carry judgment." Dkt. 1 at 7.

As to the first requested remedy, the NYPD has already issued Martinez's permit, so there is no further relief for the Court to grant there. His second ask is for the award of $100,000 in punitive damages, but the Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) established that "ordinarily, municipalities are immune from punitive damages." *Ciraolo v. City of New York*, 216 F.3d 236, 238 (2d Cir. 2000). *Fact Concerts* suggested that punitive

damages may be awarded in the "rare case" where there is an "outrageous violation of a plaintiff's constitutional rights" for which "taxpayers are directly responsible." *Id.* at 240 (emphasis removed). Martinez hasn't alleged anything approaching an "outrageous violation" of his rights, nor that the taxpayers are somehow directly responsible for it. Martinez's third and fourth requested remedies ask the Court to fundamentally alter the legislative framework for firearms by moving licensing from the New York City Police Commissioner to the Sheriff's Department, contrary to the dictates of N.Y. Pen. L. § 265.00(10), or "threatening" New York with an "open-carry judgment." No legal basis for this brand of *in terrorem* relief has been supplied, it is untethered to the claim that Martinez brought in this case—a demand for a firearm license, which Martinez has received—and it is unjustified by the facts asserted in Martinez's complaint.

Martinez argues that his case is not moot because it "fits the 'capable of repetition, yet evading review' doctrine." Dkt. 16 at 1. He focuses on the delay in receiving his license, arguing that it "infringe[d] on [his] Second Amendment rights and could recur." *Id.* "The capable-of-repetition doctrine applies only in exceptional situations" where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (cleaned up). But here, Martinez describes the challenged action as a "three-year delay," which gave him plenty of time to litigate during its duration. Dkt. 16 at 1. And Martinez gives no indication in his submissions to the Court that he will again apply for a handgun license. This is not one of the "exceptional situations" where the capable-of-repetition doctrine applies.

In dismissing the case, the Court joins other courts in this circuit who have similarly found gun-licensing claims moot after issuance of the licenses at issue. *See, e.g.*, *Taveras v. New York City*, 2023 WL 3026871, at *8 (S.D.N.Y. Apr. 20, 2023); *Glover v. City of New York*, 2018 WL 4906253, at *9 n.26 (E.D.N.Y. Oct. 9, 2018); *Conn. Citizens Def. League, Inc. v. Thody*, 2024 WL 177707, at *3 (2d Cir. Jan. 17, 2024) ("[B]ecause all three individual plaintiffs received their municipal [firearm] permits while this case was pending, their claims for temporary and permanent injunctive relief became moot." (citations omitted)).

## II. Martinez's complaint fails to state a claim for relief.

Even if the Court had jurisdiction over this case, Martinez's complaint fails to state a claim for relief and thus should be dismissed pursuant to Rule 12(b)(6).

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

3

"Municipal entities . . . are 'persons' within the meaning of § 1983," *Kimble v. Kingston City Sch. Dist.*, 792 F. App'x 80, 81 (2d Cir. 2019) (citation omitted), but they can be liable "only when the injury results from the 'government's policy or custom.'" *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Martinez alleges that his Second Amendment and Equal Protection rights were violated by the NYPD. However, his complaint doesn't allege that there exists an official "policy or custom" that city officials acted in accordance with when they delayed issuance of his handgun license. In fact, Martinez writes in his complaint that individuals in the NYPD were acting "not necessarily as an organization." Dkt. 1 at 7. "[A] single incident alleged in a complaint . . . does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). This is especially true when the incident "involved only actors below the policy-making level," as is the case here. *Id.*; Dkt. 1 at 7 (naming an NYPD Investigator and two License Division Officers in the complaint). And it's not even clear that Martinez alleges a single incident in which the City acted unconstitutionally, as he relies on his personal assumptions about the NYPD's intentions and beliefs without any other supporting allegations. Dkt. 1 at 7 ("I can only assume my permit has not been issued due to discrimination . . . .").

In opposition to the motion to dismiss, Martinez cites to statistics about gun permit applications and approval rates to shore up his *Monell* claim. "Because [Martinez] is proceeding *pro se*, the Court may consider new facts raised in opposition papers to the extent that they are consistent with the complaint . . . ." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). But "general statistics . . . are insufficient to establish that an official [city] policy exists." *Thomas v. Genova*, 698 F. Supp. 3d 493, 525 (E.D.N.Y. 2023); *Fantozzi v. City of New York*, 2023 WL 4472305, at *6 (S.D.N.Y. July 11, 2023) ("[B]ecause [p]laintiff's claim is supported only by general statistics about the NYPD without connecting those statistics to the specific allegations . . . here, it is similar to *Monell* claims that have been dismissed pursuant to Rule 12(b)(6) motions."). Martinez has failed to allege the "policy or custom" required to state a *Monell* claim, and his case must be dismissed on that ground.

## CONCLUSION

For the reasons stated above, the motion to dismiss Martinez's complaint is GRANTED. The Clerk of Court is directed to terminate Dkt. 14.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this opinion would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 25, 2025
New York, New York

                                          ARUN SUBRAMANIAN
                                          United States District Judge